UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61938-RAR

**TAMARAH C. LOUIS and
EMMANUEL G. LOUIS, JR.**,
*individually, and on behalf of all
others similarly situated*,

    Plaintiffs,

v.

**BLUEGREEN VACATIONS
UNLIMITED, INC., BLUEGREEN
VACATIONS CORPORATION**,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 45] ("Report"), entered on May 13, 2022. The Report recommends that Defendants' Motion to Dismiss, [ECF No. 27], be **GRANTED IN PART** with this case being **DISMISSED** *without prejudice* for lack of standing. Plaintiffs filed objections to the Report on May 27, 2022, [ECF No. 49] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiffs timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Strauss's legal and factual findings.

The Court agrees with the Report's conclusion that the "bare procedural violation[s]" alleged by Plaintiffs are "divorced from any concrete harm" and are therefore insufficient to confer standing. *Spokeo, Inc. v. Robin*s, 578 U.S. 330, 340 (2016). The Court finds the Eleventh Circuit's standing jurisprudence concerning alleged violations of similar consumer protection

statutes—such as the Truth in Lending Act, 15 U.S.C. § 1638 *et seq*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*—makes clear that Plaintiffs have failed to meet their standing burden in this case under the Military Lending Act, 10 U.S.C. § 987 *et seq*. ("MLA"). *See, e.g., Cooper v. Atlantic Credit & Finance Inc.*, 822 F. App'x 951, 954-55 (11th Cir. 2020) (finding plaintiff did not "allege that she suffered any harm beyond the alleged [FDCPA] violations"); *Walters v. Fast AC, LLC*, 540 F. Supp. 3d 1112, 1125 (M.D. Fla. 2021) (dismissing TILA claim for lack of standing); *Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1362 (S.D. Fla. 2017) (dismissing claims that "assert only a 'bare procedural violation' of the FCRA").

A review of Plaintiffs' pleadings highlights the lack of concrete harm. In support of Counts I and II, Plaintiffs allege they have standing "because they suffered a concrete injury in that they are obligated to pay under the terms of an agreement that is void from inception because it violated the MLA and also because they made a substantial down payment." Am. Compl. ¶ 12 [ECF No. 16]. They are "ostensibly obligated on a finance contract that failed to disclose mandatory information," *id.* ¶ 46, and "have suffered actual damages because they paid money to defendant based on an illegal contract without the benefit of the MLA disclosures." *Id.* at ¶ 47. Plaintiffs also aver that the arbitration provision injured them because it was impermissible to include the provision in the contract under the MLA. *Id.* at ¶ 98.

It is well established in the Eleventh Circuit that "conclusory statement[s] that a statutory violation caused an injury is not enough [to establish standing.]" *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 928 (11th Cir. 2020) (*en banc*). This is because "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* (quoting *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 957–58 (8th Cir. 2019)) (internal quotation marks omitted). As illustrated by the allegations in the Amended Complaint, Plaintiffs fail to identify

any concrete harm they have experienced as a result of the statutory violations. Notably, there is no indication that the required disclosures or the inclusion of an arbitration provision—both of which constitute the alleged MLA violations—impacted Plaintiffs in any way. By merely alleging the MLA was violated without establishing any "downstream consequences," Plaintiffs lack standing to proceed. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020).

In their Objections, Plaintiffs attempt to distinguish between the Eleventh Circuit's treatment of analogous consumer protection statutes and the MLA, claiming "it was the Congressional intent that any contract that violates any provision of the MLA is automatically void from inception." Objections at 5. This line of reasoning directly contradicts the Supreme Court's holding in *Spokeo* that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 578 U.S. at 341.

Indeed, the Court recently reaffirmed this principle in *TransUnion LLC v. Ramirez*, explaining that Congressional authorization of suits alleging only statutory violations "would flout constitutional text, history, and precedent." 141 S. Ct. 2190, 2206 (2021). Put simply, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Muransky*, 979 F.3d at 926 (quoting *Spokeo*, 578 U.S. at 339) (internal quotation marks omitted). Thus, the Court finds that Defendant's purported violations of the MLA do not—and cannot—*automatically* result in a concrete injury suffered by Plaintiffs.[1]

---

[1] The Court notes that the Report appears to somewhat conflate concreteness and traceability. *See* Report at 12. Due to Plaintiffs' failure to establish concrete harm, the Court finds it unnecessary to address alternative arguments related to traceability. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir.

Therefore, after carefully reviewing the parties' pleadings [ECF Nos. 27, 33, 35], the Report, the Objections, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 45] is **AFFIRMED AND ADOPTED** as supplemented herein.

2. Defendants' Motion to Dismiss [ECF No. 27] is **GRANTED IN PART** and the case is **DISMISSED** *without prejudice* for lack of standing.

3. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of May, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

2012) ("[e]ven a showing that a plaintiff's injury is indirectly caused by a defendant's actions satisfies the fairly traceable requirement").